UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEONCA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION INC., *et al.*,<br><br>    Defendants. | Civil Action No. 25-12412 (JXN)(CF)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

  WHEREAS, Plaintiff Sharita T. Patterson ("Plaintiff"), appearing *pro se*, has filed a Complaint against Citibank N.A. ("Citibank") and the American Arbitration Association ("AAA") (collectively, "Defendants) (*see* Complaint ("Compl."), ECF No. 1); and

  WHEREAS, Plaintiff's claims arise from a collection action Citibank filed in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County, regarding the Sears Mastercard credit account Plaintiff had with Citibank and the subsequent arbitration of this matter by the parties with the AAA. (*See generally* Compl.) Plaintiff alleges that Defendants are "working together to ignore all evidence and demand arbitration to deny Plaintiff's rights to have issues heard in a Federal Court" (Compl. at *3)[1]; and

  WHEREAS, in submitting an IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious or fails

---

[1] Page numbers preceded by an asterisk (*) reflect CM/ECF pagination.

to comply with the proper pleading standards."[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown*, 941 F.3d at 662.

WHEREAS, it appears to the Court that Plaintiff's Complaint is duplicative of a currently pending case Plaintiff brought against Citibank, involving the same subject matter, challenging the same arbitration, and raising nearly identical claims and factual allegations, *see Williams v. Citibank N.A. et al*, Civil Action No: 25-01044 (MCA)(JBC); and

WHEREAS, "[a]s part of its general power to administer its docket, a district court may dismiss a duplicative complaint," *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (internal quotations omitted); (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)) (*en banc*) (prohibiting a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *Gause v. Court of Common Pleas*, 571 F. App'x 144, 145 (3d Cir. 2014) (a district court may properly dismiss duplicative complaints under § 1915(e)) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993)); and

WHEREAS, to the extent Plaintiff wishes to sue the other defendants they have named in this matter, like the AAA, Plaintiff may move to amend their complaint in the previously filed action to add those defendants and factual allegations against them. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) ("Plaintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit, and federal district courts have discretion to enforce that requirement as

---

[2] "[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

2

necessary 'to avoid duplicative litigation.'") (Alito, J., dissenting) (quoting *Colorado River*, 424 U.S. at 817). Accordingly,

**IT IS** on this 13th day of January 2026,

**ORDERED** that this action is **ADMINISTRATIVELY TERMINATED** as duplicative of Civil Action No. 25-01044; it is further

**ORDERED** that the Clerk of the Court shall docket this Order for informational purposes only in Civil Action No. 25-01044; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge